NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GREGORY JONES,<br><br>Plaintiff,<br><br>v.<br><br>CITIGROUP INC., et al.,<br><br>Defendants. | Civil Action No. 14-6547 (ES) (JAD)<br><br>OPINION |

SALAS, DISTRICT JUDGE

I.  INTRODUCTION

This action arises out of pro-se Plaintiff Gregory Jones's participation in Defendants Citigroup Inc. and Aon Hewitt, Inc.'s[1] Citigroup 401(k) Plan (the "401(k) Plan") and a loan that Plaintiff took from the 401(k) Plan (the "Plan Loan"). Pending before the Court is Plaintiff's Motion to Remand, (D.E. No. 7), and Motion to Void Order and Motion for Relief from Order, (D.E. No. 10 (seeking relief from a May 3, 2013 Order of the Superior Court of New Jersey)). The Court has considered the parties' submissions and resolves the motions without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons below, the Court DENIES Plaintiff's motions.

II.  FACTUAL & PROCEDURAL BACKGROUND

Plaintiff is a former employee of a Citigroup affiliated company and a participant in the 401(k) Plan, a defined contribution plan governed by the Employee Retirement Income Security

---

[1] According to Defendants, "Aon Hewitt, Inc. is not an entity that performs any services. The properly named Defendant is Hewitt Associates LLC." (D.E. No. 23-1, Defendants' Memorandum of Law in Support of Their Motion to Dismiss Plaintiff's Amended Complaint ("Def. Mov. Br.") at 1 n.1).

Act of 1974 ("ERISA").  (*See* D.E. No. 14-1, Amended Complaint ("Am. Compl.") ¶ 6).[2]  Plaintiff alleges that Defendants improperly administered his Plan Loan, foreclosed on the Plan Loan in error, and after reinstating the Plan Loan, denied his administrative claim and appeal under the Plan for reimbursement of increased tax liability associated with the Plan Loan.  (*See* Am. Compl. ¶¶ 11–15).

Specifically, Plaintiff alleges that he borrowed $16,702.34 from the 401(k) Plan in October 2001 for the purchase of a residence, and that he entered into an authorization agreement for direct repayments of the Plan Loan from his personal bank account.  (*Id.* ¶¶ 6–7).   In 2009, the 401(k) Plan changed its policies regarding direct repayment of 401(k) Plan loans: thereafter, Plaintiff did not make any payments to the 401(k) Plan, but alleges that he failed to make payments because he did not receive certain Plan-related communications.  (*See id.* ¶¶ 16–22).  Effective December 31, 2009, Citigroup foreclosed on the Plan Loan due to nonpayment.  (*Id.* ¶ 8).  As a result of Citigroup's foreclosure of the Plan Loan, Plaintiff alleges that his tax liability was increased by $5,208.  (*Id.* ¶¶ 8–9).

On or around November 19, 2012, Plaintiff filed an action in state court against these same Defendants and alleged breach of contract and a bad faith breach of the implied covenant of good faith and fair dealing.  (*See* D.E. No. 22-1, Ex. A to Defendants' Opposition to Plaintiff's Motion to Void Order and Motion for Relief from Order ("Order Opp. Br.") ("State Court Complaint")). Defendants filed a motion to dismiss arguing that Plaintiff's claims were preempted by ERISA, and on May 23, 2013, the state court dismissed Plaintiff's breach of contract and breach of good faith and fair dealing claims with prejudice, but permitted Plaintiff to "assert claims for relief under ERISA following complete exhaustion of all administrative remedies available to him under the

---

[2] The Amended Complaint is the operative pleading in this action.  (*See* D.E. No. 20).

Citigroup 401(k) Plan." (*See* D.E. No. 22-2, Ex. B to Order Opp. Br. ("State Court Order")). Plaintiff did not appeal the State Court Order.

After exhausting the administrative remedies, Plaintiff filed the instant action on September 22, 2014 in state court, and Defendants removed to this Court on October 22, 2014. (D.E. No. 1). On November 7, 2014, Plaintiff filed a motion to remand, (*see* D.E. No. 7; *see also* D.E. No. 6, Certification of Opposition to Notice of Removal ("Remand Mov. Br.")); Defendants filed opposition, (D.E. No. 8, Defendants' Memorandum of Law in Opposition to Plaintiff's Opposition to Notice of Removal and Motion to Remand ("Remand Opp. Br.")), but a review of the docket shows that Plaintiff did not file a reply. In conjunction with the motion to remand, Plaintiff also filed a motion to void order and motion for relief from order, specifically asking this Court to void the May 20, 2013 Order of the Superior Court of New Jersey, (s*ee* D.E. No. 10); Defendants filed opposition, (Order Opp. Br.), and Plaintiff replied, (D.E. No. 24, Certification of Reply to Defendant's Answer to Motion to Void Order and Motion for Relief from Order ("Pl. Reply Br.")). The motion is now ripe for adjudication.

### III.   LEGAL STANDARD

#### A.  Remand

It is well established that federal courts cannot exercise their jurisdiction unless the Constitution and Congress expressly have granted them the power to do so. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010). A federal court lacking subject matter jurisdiction over a removed case must remand the matter back to state court. 28 U.S.C. § 1447(c); *see Farina v. Nokia, Inc.*, 625 F.3d 97, 114 (3d Cir. 2010) (concluding that a federal court cannot proceed without subject matter jurisdiction).

A federal district court may have subject-matter jurisdiction if a federal question is raised or because of the diversity of citizenship of the parties. Federal question jurisdiction arises "only if the complaint seeks a remedy expressly granted by a federal law or if it requires the construction of a federal statute or a distinctive policy of a federal statute requires the application of federal legal principles for its disposition." *Jayme v. MCI Corp.*, 328 F. App'x. 768, 770 (3d Cir. 2008) (internal quotations and citations omitted). Diversity jurisdiction requires complete diversity—no plaintiff can be a citizen of the same state as any of the defendants. *Midlantic Nat'l Bank v. Hansen*, 48 F.3d 693, 696 (3d Cir. 1995) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990)).

**B. Void Order**

Rule 60(b)(4) provides that, "[o]n motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceedings [if] . . . the judgment is void." Fed. R. Civ. P. 60(b)(4). "[A] void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010). "The list of such infirmities is exceedingly short; otherwise, Rule 60(b)(4)'s exception to finality would swallow the rule." *Id.* The Third Circuit has held that "[a] judgment may indeed be void, and therefore subject to relief under 60(b)(4), if the court that rendered it lacked jurisdiction over the subject matter or the parties or entered a decree which is not within the powers granted to it by law." *Marshall v. Bd. of Ed., Bergenfield, N.J.*, 575 F.2d 417, 422 (3d Cir. 1978). However, not just any alleged jurisdictional error renders a judgment void, and finality requires that courts construe the concept of void judgment narrowly. *Id.* at 422, n.19. More specifically, a judgment is not void under Rule 60(b)(4) "simply because it is erroneous, or is based upon precedent which is later deemed incorrect or

unconstitutional." *Id.* "Thus . . . a judgment will be rendered void for lack of subject matter jurisdiction only where there is a total want of jurisdiction or in the rare instance of a clear usurpation of power." *United States v. Zimmerman*, 491 F. App'x 341, 344 (3d Cir. 2012) (citation omitted).

Rule 60(b)(6) permits a district court to vacate an order for "any other reason that justified relief." Fed. R. Civ. P. 60(b)(6). The standards for deciding a Rule 60(b)(6) motion are well settled. "The remedy provided by Rule 60(b) is extraordinary, and special circumstances must justify granting relief under it." *Moolenaar v. Gov't of the Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987); *Page v. Schweiker*, 786 F.2d 150, 155 (3d Cir. 1986). Legal error does not by itself warrant the application of Rule 60(b) because legal error can be corrected on appeal. *Martinez-McBean v. Gov't of Virgin Islands*, 562 F.2d 908, 912 (3d Cir. 1977). Under well-established principles, Rule 60(b) is not a substitute for appeals: "[w]ere the rule otherwise, the time limitations on appeal set by Fed. R. App. P. 4(a), and on motions to alter or amend judgments under Fed. R. Civ. P. 59(e), would be vitiated." *Page*, 786 F.2d at 154. Therefore, a court may not grant relief under Rule 60(b) when a party could have sought the same relief on direct appeal. *See, e.g.*, *Holland v. Holt*, 409 F. App'x 494, 497 (3d Cir. 2010).

## IV. DISCUSSION

### A. Motion to Remand

The basis for Defendant's removal in this case is federal question jurisdiction. (*See* D.E. No. 1-1, Civil Cover Sheet). Federal question jurisdiction is proper regardless of the citizenship of the parties. *Hagans v. Lavine*, 415 U.S. 528 (1974). Plaintiff argues that removal was improper because ERISA does not preempt his state law claims. (*See* Remand Mov. Br. at 3).

The doctrine of complete preemption permits removal of an action to federal court when (1) a federal statute wholly displaces a state law claim and creates a superseding claim, and (2) there is a "clear indication of a Congressional intention to permit removal despite the plaintiff's exclusive reliance on state law." *Railway Labor Execs. Ass'n v. Pittsburgh & Lake Erie R.R. Co.*, 858 F.2d 936, 942 (3d Cir. 1988). Where there is complete preemption, removal is proper even if federal claims are not asserted in the complaint. *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998). ERISA's civil enforcement mechanism, Section 502(a), "is one of those provisions with such extraordinary pre-emptive power that it converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule," and permits removal. *Aetna Health v. Davila*, 542 U.S. 200, 209 (2004). A claim is completely preempted, and thus removable, under ERISA Section 502(a) if (1) the plaintiff could have brought the claim under Section 502(a) and (2) no other independent legal duty supports the plaintiff's claim. *Pascack Valley Hosp. Inc. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 400 (3d Cir. 2004).

Here, Plaintiff's claims arise out of Defendants' administration of the 401(k) Plan. The gravamen of Plaintiff's Complaint is that Defendants improperly administered his Plan Loan, foreclosed on the Plan Loan in error and now refuse to reimburse Plaintiff for alleged tax penalties associated with the Plan Loan's foreclosure. (*See generally* Am. Compl.). Plaintiff could have brought the claims under Section 502(a), and thus the first prong of the *Pascack* test is satisfied. With respect to the second prong, courts have held that a legal duty is "independent" if it is not based on an obligation under an ERISA plan, or if it "would exist whether or not an ERISA plan existed." *See Marin Gen. Hosp. v. Modesto & Empire Traction Co*., 581 F.3d 941, 950 (9th Cir. 2009). As noted, Plaintiff's Complaint alleges that Defendants improperly administered his Plan

Loan, foreclosed on the Plan Loan in error and now refuse to reimburse Plaintiff for alleged tax penalties associated with the Plan Loan's foreclosure. (*See generally* Am. Compl.). It is undeniable these allegations address the manner in which the 401(k) Plan and the Plan Loan were administered, and the terms of the Plan Loan. (*See, e.g.*, *id.* ¶ 41 (alleging that Defendants "showed reckless indifference to facts or to proofs submitted by the Plaintiff that the Defendants had caused increased tax liability as a result of the Defendants foreclosure of the 401 (k) Plan loan in error.")). Plaintiff argues that the authorization agreement created an independent legal duty, (*see* Remand Mov. Br. ¶¶ 12, 13), but this argument is undermined by the agreement itself—the agreement clearly demonstrates that it is inexorably intertwined with the 401(k) Plan. (*See* D.E. No. 8-4, Ex. D. to Remand Opp. Br. ("Authorization Agreement for Direct Payments")).[3] Thus, the Court is satisfied that no independent legal duty supports Plaintiff's claims, and that the second prong of the *Pascack* test is satisfied. ERISA entirely preempts Plaintiff's claims and removal to this Court by Defendants was appropriate. Accordingly, the Court will deny Plaintiff's Motion to Remand.

### B. Motion to Void Order

Plaintiff argues that the State Court Order—which dismissed Plaintiff's breach of contract and breach of good faith and fair dealing claims with prejudice—is void primarily because the state court did not have original jurisdiction over ERISA claims. (Order Mov. Br. at 2–5). Defendants argue that the state court properly had jurisdiction over the complaint before it. (Order Opp. Br. at 4–5). For the reasons below, the Court denies Plaintiff's motion under Rule 60.

First, under Rule 60(b)(4), "a judgment will be rendered void for lack of subject matter jurisdiction only where there is a total want of jurisdiction or in the rare instance of a clear

---

[3] Furthermore, in the Motion to Void Order, Plaintiff himself admits that "[t]he Plaintiff's civil complaint involved a federal question since it was a civil action that may arise under the jurisdiction of ERISA." (D.E. No. 10, Brief in Support of Plaintiff's Motion to Void Order and Motion for Relief from Order ("Order Mov. Br.") ¶ 17).

usurpation of power." *United States v. Zimmerman*, 491 F. App'x 341, 344 (3d Cir. 2012) (citation omitted).  Here, the State Court Order addressed a complaint by Plaintiff which alleged breach of contract and a bad faith breach of the implied covenant of good faith and fear dealing under N.J.S.A. 17:29B-4(9) and N.J.S.A. 17B:30-13.1 only.  (*See* State Court Complaint).  ERISA was not a stated cause of action.  (*See id.*).  Thus, the state court had jurisdiction over those state law claims.  Furthermore, even if the claims in the State Court Complaint were completely preempted by ERISA, the state court still had jurisdiction.  *See* 29 U.S.C. § 1132(e) ("State courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions under paragraph (1)(B) . . . of subsection (a) of this section.").  Finally, even if the state court did not have jurisdiction, the Supreme Court has held that Plaintiff's attack is impermissible. *See Stoll v. Gottlieb*, 305 U.S. 165, 172 (1938) (finding that a collateral attack on the subject matter jurisdiction of the original court is impermissible even if the original court did not have jurisdiction).

Second, "extraordinary, . . . and special circumstances" must be present for a Court to grant Rule 60(b)(6) motion.  *Moolenaar v. Gov't of the Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987).  The motion may not be granted when a party could have sought the same relief on direct appeal.  *See, e.g.*, *Holland v. Holt*, 409 F. App'x 494, 497 (3d Cir. 2010).  Plaintiff himself acknowledges that he bears a "heavy burden" in showing extraordinary circumstances, (Pl. Reply Br. at 39), yet his arguments boil down to asserting that the state court lacked jurisdiction.  For the reasons set forth above, Plaintiff has not met his burden in showing extraordinary circumstances.  Accordingly, the Court will deny Plaintiff's Motion to Void Order and Motion for Relief from Order.

## V. CONCLUSION

For the reasons above, the Court DENIES Plaintiff's Motion to Remand, (D.E. No. 7), and Motion to Void Order and Motion for Relief from Order, (D.E. No. 10). An appropriate Order accompanies this Opinion.

s/ *Esther Salas*
**Esther Salas, U.S.D.J.**
