NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| GREGORY JONES,<br><br>Plaintiff,<br><br>v.<br><br>CITIGROUP INC., et al.,<br><br>Defendants. | Civil Action No. 14-6547 (ES) (JAD)<br><br>OPINION |

SALAS, DISTRICT JUDGE

I.    INTRODUCTION

This action arises out of pro-se Plaintiff Gregory Jones's participation in Defendants Citigroup Inc. and Aon Hewitt, Inc.'s[1] Citigroup 401(k) Plan (the "401(k) Plan") and a loan that Plaintiff took from the 401(k) Plan (the "Plan Loan").  Pending before the Court is Defendants' Motion to Dismiss Plaintiffs' Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  (D.E. No. 23).[2]  The Court has considered the parties' submissions and resolves Defendants' motion without oral argument pursuant to Federal Rule of Civil Procedure 78(b). Because Plaintiff's claims are all germane to a previously adjudicated state court action, the Court grants Defendants' motion and dismisses Plaintiff's complaint *with* prejudice under the entire controversy doctrine.

---

[1] According to Defendants, "Aon Hewitt, Inc. is not an entity that performs any services.  The properly named Defendant is Hewitt Associates LLC."  (D.E. No. 23-1, Defendants' Memorandum of Law in Support of Their Motion to Dismiss Plaintiff's Amended Complaint ("Def. Mov. Br.") at 1 n.1).

[2] Also before the Court is Defendants' Motion to Dismiss Plaintiff's Complaint.  (*See* D.E. No. 4 ("Defendants' First Motion to Dismiss")).  However, because the Court granted Plaintiff's Motion to File an Amended Complaint, (D.E. No. 20), Defendants' First Motion to Dismiss is denied as moot.

## II.      FACTUAL & PROCEDURAL BACKGROUND

Plaintiff is a former employee of a Citigroup affiliated company and a participant in the 401(k) Plan, a defined contribution plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA").  (*See* D.E. No. 14-1, Amended Complaint ("Am. Compl.") ¶ 6).  Plaintiff alleges that Defendants improperly administered his Plan Loan, foreclosed on the Plan Loan in error, and after reinstating the Plan Loan, denied his administrative claim and appeal under the Plan for reimbursement of increased tax liability associated with the Plan Loan.  (*See* Am. Compl. ¶¶ 11–15).

Specifically, Plaintiff alleges that he borrowed $16,702.34 from the 401(k) Plan in October 2001 for the purchase of a residence, and that he entered into an authorization agreement for direct repayments of the Plan Loan from his personal bank account.  (*Id.* ¶¶ 6–7).  In 2009, the 401(k) Plan changed its policies regarding direct repayment of 401(k) Plan loans: thereafter, Plaintiff did not make any payments to the 401(k) Plan, but alleges that he failed to make Plan Loan payments because he did not receive certain Plan Loan–related communications.  (*See id.* ¶¶ 16–22). Effective December 31, 2009, Citigroup foreclosed on the Plan Loan due to nonpayment.  (*Id.* ¶ 8).  As a result of Citigroup's foreclosure of the Plan Loan, Plaintiff alleges that his tax liability was increased by $5,208.  (*Id.* ¶¶ 8–9).

On or around November 19, 2012, Plaintiff filed an action in state court against these same Defendants and alleged breach of contract and a bad faith breach of the implied covenant of good faith and fair dealing.  (*See* D.E. No. 23-2, Ex. A to Defendants' Memorandum of Law in Support of Their Motion to Dismiss Plaintiff's Amended Complaint ("Def. Mov. Br.") ("State Court Complaint")).  Defendants filed a motion to dismiss arguing that Plaintiff's claims were preempted by ERISA, and on May 23, 2013, the state court dismissed Plaintiff's breach of contract and breach

of good faith and fair dealing claims with prejudice, but permitted Plaintiff to "assert claims for relief under ERISA following complete exhaustion of all administrative remedies available to him under the Citigroup 401(k) Plan." (*See* D.E. No. 23-3, Ex. B to Def. Mov. Br. ("State Court Order")). Plaintiff did not appeal the State Court Order.

In accordance with the State Court Order, Plaintiff exhausted the 401(k) Plan's claims and appeal process. On May 13, 2013, Plaintiff filed an administrative claim under the 401(k) Plan for restoration of his Plan Loan and for reimbursement of his increased tax liability. (*See* Am. Compl. ¶ 12). On October 9, 2013, Defendants granted Plaintiff's claim in part and reinstated the Plan Loan, but did not reimburse Plaintiff for tax repayment. (*Id.* ¶¶ 12–13). Plaintiff filed an appeal on October 17, 2013 under the 401(k) Plan's appeal procedures seeking tax reimbursement. (*Id.* ¶ 14). Defendants denied the appeal via letter dated November 25, 2013 and noted that "[t]he Committee determined that the mailing of the various communications and notices, the loan forfeiture itself, the related tax reporting and other actions taken in connection with our loan default were done in accordance with the terms of the Plan, the Plan's loan procedures, and/or applicable law." (*See id.* ¶ 15; *see also* D.E. No. 23-4, Ex. C to Def. Mov. Br.). Defendants issued a corrected Form 1099-R to Plaintiff, but determined that the 401(k) Plan did not permit reimbursement for taxes and interest. (*See id.*). Defendants further informed Plaintiff of his right to bring a civil action in court under Section 502(a) of ERISA. (*See id.*).

Plaintiff filed the instant action on September 22, 2014 in state court, and Defendants removed to this Court on October 22, 2014. (D.E. No. 1).[3] Plaintiff's Amended Complaint alleges breach of contract, bad faith breach of the implied covenant of good faith and fair dealing,

---

[3] On November 7, 2014, Plaintiff filed a Motion to Remand, (D.E. No. 7), and a Motion to Void the State Court Order, (D.E. No. 10). These motions were denied on May 26, 2015. (D.E. No. 30).

negligent infliction of emotional distress, and intentional infliction of emotional distress.  (Am. Compl. at 5–9).  Defendants filed a motion to dismiss Plaintiff's Amended Complaint on December 1, 2014.  (*See* D.E. No. 23).  Plaintiff filed opposition, (D.E. No. 28, Certification of Opposition to Motion to Dismiss ("Pl. Opp. Br.")), and Defendants replied, (D.E. No. 29, Reply Brief in Support ("Def. Reply Br.")).  The motion is now ripe for adjudication.

III.    **LEGAL STANDARD**

To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.*

"When reviewing a motion to dismiss, '[a]ll allegations in the complaint must be accepted as true, and the plaintiff must be given the benefit of every favorable inference to be drawn therefrom.'"  *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (quoting *Kulwicki v. Dawson*, 969 F.2d 1454, 1462 (3d Cir. 1992)).  But "a court need not credit a plaintiff's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss."  *Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (citation omitted).

Finally, "[i]n deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of the public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents."  *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).  The Third Circuit has held that the Court can review the record of

prior actions between the parties and take judicial notice of same in considering a motion to dismiss.  *See Toscano v. Conn. Gen. Life Ins. Co.*, 288 F. App'x 36, 38 (3d Cir. 2008).

## IV.   DISCUSSION

### A.  Res Judicata / Entire Controversy Doctrine

Defendants argue that Plaintiff's state law claims are barred by the doctrine of res judicata because they were dismissed with prejudice in a prior state court action.  (Def. Mov. Br. at 5–8). In opposition, Plaintiff contends that the state court order is void under Federal Rule of Civil Procedure 60 and that the claims here do not arise out of the same transaction or occurrence at issue in the prior state court proceeding.  (Pl. Opp. Br. at 11–21).  For the reasons below, the Court finds that res judicata bars Plaintiff's state law claims.

#### i.   Legal Background

Federal courts must give a state court judgment the same preclusive effect that the judgment would be given under the law of the state in which the judgment was rendered.  *See Balthazar v. Atl. City Med. Ctr.*, 137 F. App'x 482, 488 (3d Cir. 2005).  Generally speaking, "res judicata refers to the binding effect of a judgment in a prior case on the claims or issues in the pending litigation."  *Roberts v. Conway*, No. 09-5622, 2010 U.S. Dist. LEXIS 78453, at *6 (D.N.J. Aug. 3, 2010).  In the Third Circuit, the doctrines of claim preclusion and issue preclusion are merged under the overarching term "res judicata."  *Id.* (citing *Hogg's v. New Jersey*, 352 F. App'x 625 (3d Cir. 2009)).  For purposes of res judicata, a claim includes matters which could have been raised in the prior action.  *See Brown v. Felsen*, 442 U.S. 127, 131 (1979).  In other words, matters that arise from the same facts, occurrences, or transactions that were the basis of a prior action fall within the scope of res judicata.  *See id.* ("Res judicata prevents litigation of all grounds for, or

defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.").

Furthermore, New Jersey's entire controversy doctrine has been described in this circuit as "New Jersey's specific, and idiosyncratic, application of traditional res judicata principles." *See Rycoline Prods., Inc. v. C & W Unlimited*, 109 F.3d 883, 886 (3d Cir. 1997). Accordingly, its "purposes are to encourage comprehensive and conclusive litigation determinations, to avoid fragmentation of litigation, and to promote party fairness and judicial economy and efficiency . . . ." *K-Land Corp. No. 28 v. Landis Sewerage Auth.*, 800 A.2d 861, 868 (N.J. 2002). "[T]he entire controversy doctrine, an affirmative defense, may only be applied on a Rule 12(b)(6) motion . . . if it is apparent on the face of the complaint." *Bach v. McGinty*, No. 12-5853, 2015 U.S. Dist. LEXIS 37552, at *5 (D.N.J. Mar. 25, 2015) (internal quotation omitted).

Under New Jersey law, res judicata applies when: (1) the judgment in the first action is valid, final, and on the merits; (2) there is identity of the parties, or the parties in the second action are in privity with those in the first action; and (3) the claim in the later action grows out of the same transaction or occurrence as the claim in the first action. *See Velasquez v. Franz*, 123 N.J. 498, 505–06 (1991).

        ii.    Analysis

First, the judgment in the prior action dismissing the case with prejudice was valid, final, and on the merits. *See Schneider v. United States*, No. 06-3200, 2007 WL 4440976, at *5 (D.N.J. Dec. 17, 2007) (holding that the state court's order dismissing the plaintiff's claims with prejudice was "valid, final, and on the merits"). Plaintiff argues that the state court order is void under Federal Rule of Civil Procedure 60. (*See* Pl. Opp. Br. at 14–20). However, as discussed more fully in this Court's May 26, 2015 Opinion regarding Plaintiff's Motion to Void the State Court

Order, the New Jersey Superior Court properly had jurisdiction over Plaintiff's claims and appropriately ordered that Plaintiff's state law claims be dismissed with prejudice. (*See* D.E. No. 30 at 7–8).  A dismissal with prejudice is treated as an adjudication of the merits and thus has preclusive effect.  *See Fairbank's Capital Corp. v. Milligan*, 234 F. App'x 21, 23 (3d Cir. 2007) (citing *Gambocz v. Yelencsics*, 468 F.2d 837, 840 (3d Cir. 1972)).

Second, the parties in the underlying state court action are identical to the parties in this case. *Compare* State Court Complaint ¶¶ 3–5 (naming "Citi" [as the sponsor of the 401(k) Benefits Plan] and Aon Hewitt as Defendants), *with* Am. Compl. ¶¶ 3–5 (naming "Citigroup Inc." [as the sponsor of the 401(k) Benefits Plan] and Aon Hewitt as Defendants).

Finally, Plaintiff's claims in this case grow out of the same transaction or occurrence as the claims litigated in the state court action.  Plaintiff contends that the claims presently before the Court are not the same as those before the State Court because he had not yet exhausted his administrative remedies, had his Plan Loan reinstated, or alleged emotional distress and mental suffering when the case was before the State Court.  (Pl. Opp. Br. at 22).  However, even though that is true, it misses the point of this prong.  The ultimate question is whether the claims in this case "*grow out of the same transaction*" as the claims litigated in the state court action.  *See Grossberger v. Saldutti*, 834 F. Supp. 2d 209, 213 (D.N.J. 2011) (emphasis added).

Here, the claims presently before the Court and the claims before the State Court clearly grow out of the same transaction—specifically, the claims in the State Court and the claims here both grow out of the foreclosure of Plaintiff's Plan Loan and the resulting tax implications.  Indeed, Plaintiff's Amended Complaint in this case is essentially identical to the State Court Complaint. The two complaints contain duplicative factual headings, and of the twenty-four paragraphs contained within Plaintiff's "Statement of Facts" in the Amended Complaint, seventeen are

identical to the State Court Complaint, with the only new allegations concerning Plaintiff's exhaustion of the 401(k) Plan's administrative remedies. (Am. Compl. ¶¶ 9–15). The addition of the facts relating to exhaustion of administrative remedies does not make this a different "transaction" for purposes of res judicata analysis. *See Foster v. Denenberg*, No. 13-4478, 2014 WL 1370116, at *4 (E.D. Pa. Apr. 8, 2014) (stating that a "plaintiff's addition of some new facts cannot obscure the essential similarity of the underlying events giving rise to the various legal claims" and finding that res judicata applied despite the addition of new facts) (citation omitted). Furthermore, any claims of emotional distress could have been raised in the State Court Complaint. *See Grossberger*, 834 F. Supp. 2d at 214 (noting that if "a litigant seeks to remedy a single wrong, then that litigant should present all theories in the first action. Otherwise, theories not raised will be precluded in a later action").

Because Plaintiff's causes of action arise out of the same transaction at issue in New Jersey Superior Court against the same Defendants here, and because the New Jersey Superior Court reached a final judgment in that lawsuit—dismissal of the action with prejudice but reserving Plaintiff's right to assert claims for relief under ERISA—Plaintiff's claims presently before the Court are barred by res judicata.

### B. ERISA Preemption

Even if Plaintiff's claims were not barred by res judicata, they would nevertheless be preempted by ERISA.

#### i.    Legal Background

ERISA possesses "extraordinary pre-emptive power." *Nat'l Sec. Sys., Inc. v. Iola*, 700 F.3d 65, 83 (3d Cir. 2012) (quotation omitted). ERISA "both preempts state law expressly and contains a comprehensive civil enforcement scheme that preempts any conflicting state remedy."

*Id.* ERISA's express preemption provision is contained in Section 514(a), which provides that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" that is covered by ERISA. 29 U.S.C. § 1144(a). "State law" is defined to include "all laws, decisions, rules, regulations or other State action having the effect of law, of any State." 29 U.S.C. § 1144(c)(1). "State common law claims fall within this definition and, therefore, are subject to ERISA preemption." *Iola*, 700 F.3d at 83.

Accordingly, where a plaintiff invokes state law to provide a remedy for wrongs growing out of the administration of an ERISA plan, those claims "relate to" the plan within the meaning of Section 514(a) and should be dismissed. *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 739 (1985) ("A state law relate[s] to a benefit plan in the normal sense of the phrase, if it has a connection with or reference to such a plan."). In the Third Circuit, common law negligence and contract claims related to the administration of a benefit plan are preempted by ERISA. *See Ford v. Unum Life Ins. Co. of Am.*, 351 F. App'x 703, 706 (3d Cir. 2009) ("State law claims such as . . . breach of contract [and] negligence . . . would ordinarily fall within the scope of ERISA preemption, if the claims relate to an ERISA-governed benefits plan."); *McCarty v. Holt*, No. 12-3279, 2013 WL 775531, at *3 (D.N.J. Feb. 27, 2013) ("State law claims such as breach of contract and negligence are typically preempted by ERISA.").

*Casella v. Hartford Life Insurance Co.*, No. 09-2306, 2009 WL 2488054 (D.N.J. Aug. 11, 2009) is instructive. There, plaintiffs alleged that an employer was negligent for failing to notify the decedent that a beneficiary designation amendment for his life insurance benefits was invalid without a required signature. *Id.* at *1, 3. The court concluded that establishing liability for the alleged negligence depended on the policy's existence, which was part of an ERISA plan. *Id.* at

*4.   Accordingly, the court found that the claim was preempted by ERISA and granted the defendant's motion to dismiss.  *Id.*

### ii.   Analysis

Plaintiff argues that the authorization agreement for repayment of his Plan Loan creates a duty independent of ERISA, (*see* Pl. Opp. Br. at 22–26), and that his state law claims do not "relate to" ERISA, (*see id.* at 26–38).  The Court disagrees and finds that Plaintiff's claims are preempted by ERISA.

In this case, both the authorization agreement and the claims alleged clearly "relate to" an employee benefit plan within the meaning of Section 514(a).  The Citigroup 401(k) Plan is an "employee benefit plan" covered by ERISA.  *See* 29 U.S.C. § 1002(3) (defining "employee benefit plan" to include an "employee pension benefit plan"); 29 U.S.C. § 1002(2)(A) (defining "employee pension benefit plan" to include any plan established or maintained by an employer that "provides retirement income to employees"); (*see also* Am. Compl. ¶ 3 (alleging that Citi is a corporation doing business in New Jersey and the sponsor of the Citigroup 401(k) Plan)).  Furthermore, the 401(k) Plan expressly provides that the Plan Committee "shall adopt rules and procedures for granting and administering loans under the Plan, as memorialized in the Summary Plan Description and any administrative documents."  (*See* D.E. No. 23-5, Ex. D. to Def. Mov. Br. ("Plan Loan Policy") at 1).

As noted above in Part IV.A.ii, *supra*, Plaintiff's Amended Complaint essentially alleges that Defendants improperly administered his Plan Loan, foreclosed on the loan in error, and improperly refuse to reimburse Plaintiff for alleged tax repercussions resulting from the Plan Loan's foreclosure.  It is clear that these allegations go to the manner in which the 401(k) Plan and the Plan Loan were administered, and the terms of the Plan Loan.  Thus, Plaintiff's claims clearly

"relate to" that Plan.  *Pane v. RCA Corp.*, 868 F.2d 631, 635 (3d Cir. 1989) ("The term 'relate to' has been construed broadly."). Plaintiff has not offered any persuasive authority to suggest otherwise.

Plaintiff took a loan from the 401(k) Plan, and that loan was governed by the repayment provisions of the Plan.  (*See* D.E. No. 23-6, Ex. E to Def. Mov. Br. ("401(k) Plan") at Part I § 8.05, Part II § 8.06; *see also* Plan Loan Policy §§ 3(e), (j)).  Furthermore, the promissory note that Plaintiff attached to the Amended Complaint states as follows:

> I agree that if I fail to repay according to the plan provisions and terms of this note, the default provisions set forth on the reverse side of this note will be implemented. . . . I also understand that approval of this loan and disbursement of the loan proceeds are contingent upon sufficient funds being available in my account, as described by the Plan.

(*See* D.E. No. 23-7, Ex. F to Def. Mov. Br. ("Promissory Note") at 1; *see also id.* at 2 ("[This] loan is made pursuant to the terms of the Citigroup 401(k) Plan . . . . [The] provisions of the Plan are specifically incorporated into this Note by reference; the terms and provisions of this Note are subject to [the] provisions of the Plan; and in the event of inconsistency, the provisions of the Plan will prevail.")).  Plaintiff's claims "relate to" the Citigroup 401(k) Plan, are expressly preempted by ERISA Section 514(a) and should be dismissed.  *See, e.g.*, *Ford*, 351 F. App'x at 706 (holding that state law claims of breach of contract, negligence, and intentional infliction of emotional distress fall within the scope of ERISA preemption if the claims relate to an ERISA-governed benefits plan); *Bauman v. US Healthcare*, *Inc.*, 1 F. Supp. 2d 420, 425 (D.N.J. 1998) (holding that preempted claim "must be dismissed").

**V.      CONCLUSION**

For the reasons above, the Court GRANTS Defendants' motion to dismiss *with* prejudice.

An appropriate Order accompanies this Opinion.


s/ *Esther Salas*_____
**Esther Salas, U.S.D.J.**